# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 20-262-RAW-SPS |
| **KEVIN BUCKLORTH,** | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma. Proceeding *in forma pauperis*, he filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking monetary damages and relief regarding his life sentence. The sole defendant is Kevin Bucklorth, Director of the Oklahoma Pardon and Parole Board.

Plaintiff apparently is alleging that the Pardon and Parole Board changed the guidelines for calculating the execution of his sentence, thereby creating a significant risk of lengthening his imprisonment. He also contends this alleged change violated the Ex Post Facto Clause. Plaintiff has raised three grounds for relief:

    I.    The retroactive application of Parole Board amended rule changing frequency of required reconsideration hearing for petition serving life sentence from every one years to every three years.

    II.    Expunge the life sentence because it no number and hundred years benefit of a legal punishment presumption that the guidelines sentence should apply on a capital case.

    III.    The one-third law sentence guidelines do constrain the discretion of district courts and it do have legal effect on the petition sentence.

(Dkt. 1 at 3-4) (errors in original).

Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural

2

requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

As an initial matter, Plaintiff has written "Class Action" on his complaint form. While Plaintiff, a pro se litigant, has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654; *see, e.g.*, *United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978). Therefore, to the extent Plaintiff is requesting class status, the request is denied.

Although Plaintiff has filed a civil rights complaint, his arguments and request for relief with regard to his sentence actually are claims that should be presented in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. "[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citation omitted). Further, to the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must

prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Plaintiff has not made this showing.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All pending motions are DENIED AS MOOT. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 9th day of December 2020.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA